In the Matter of STEPHEN J. YEVCHAK et al., as Councilmen of the City of Binghamton, Respondents, v PATRICK J. RAYMOND, as Corporation Counsel of the City of Binghamton, Appellant.

Third Department, July 13, 1978

APPEARANCES OF COUNSEL

*John W. Park, Corporation Counsel,* for appellant.

*Chernin & Gold (Donald M. Flanagan* of counsel), for respondents.

## OPINION OF THE COURT

MIKOLL, J.

There is no dispute concerning the facts. On February 7, 1977, Introductory Local Law No. 77-1 was enacted by the City Council of the City of Binghamton. The law entitled "A Local Law Authorizing and Empowering the Council of the City of Binghamton to Appoint and Hire Special Legal Counsel and to Supercede Section 201 of the Second Class Cities Law," was vetoed by the Mayor on February 18, 1977. Two weeks later the council overrode the Mayor's veto and submitted the law to appellant, Corporation Counsel of the City of Binghamton, for execution of the certificate required by subdivision 2 of section 27 of the Municipal Home Rule Law to the effect that the local law contains the correct text and that all proper proceedings have been had or taken for the enactment of the local law. The Corporation Counsel declined to execute such a certificate on the ground that the local law is subject to a mandatory referendum under the provisions of section 23 of the Municipal Home Rule Law. The Department of State refused to file the local law without the required certification and petitioners, members of the City Council, brought this proceeding to compel appellant to issue the certification. Special Term granted the relief requested and this appeal ensued.

Section 23 (subd 2, par f) of the Municipal Home Rule Law mandates the holding of a referendum where a local law "[a]bolishes, transfers or curtails any power of an elective officer." Appellant contends that Special Term erred in finding that the local law did not abolish, transfer or curtail any power of the Mayor, an elective officer of the City of Binghamton. We agree and reverse the judgment appealed from.

The issue is whether *any* power of an elective official has been curtailed (see *Morin v Foster,* 45 NY2d 287). Sections 102 through 107 of the Optional City Govern-

ment Law (L 1914, ch 444) control. In particular, sections 102 and 107 are applicable here. Section 102 provides that the Mayor shall be the chief executive officer and that "[h]e may appoint all officers of the city who are required by law or by the ordinances to be appointed." Although the use of the term "may appoint" seems to give only permissive authority to the Mayor to make appointments, the section refers to "all officers" of the city and hence, it does give exclusive power in the Mayor to appoint all the officers of the city. The term "may appoint" does not alter that exclusive power in the Mayor but merely gives the Mayor discretion whether or not to fill a vacancy. Section 107 is entitled "Appointive officers of the city" and authorizes the Council to "designate the officers and employees deemed by it necessary for the proper and efficient administration of the city affairs." Sections 102 and 107 provide for the creation of appointive positions by the Council and the filling of such positions by the Mayor. This interpretation is consistent with the separation of powers concept. Thus, Local Law No. 77-1, in that it curtails the power vested in the Mayor to appoint under section 102 of the Optional City Government Law, abolishes, transfers or curtails the powers of an elective official and cannot be enacted without being submitted to a referendum pursuant to section 23 (subd 2, par f) of the Municipal Home Rule Law. Appellant, therefore, properly declined to certify that all proceedings required by law for the enactment of the local law in question had occurred.

The Council, was not here seeking to retain independent counsel in a particular case where the municipal attorney has refused to act, or is disqualified from acting, but rather, the Council sought to establish a permanent, ongoing legal office. The cases cited by petitioners are therefore not controlling on the issue before this court. We, also, would note that the proposed local law describes duties that are those of a public officer rather than of an employee (see *Matter of Haller v Carlson,* 42 AD2d 829).

The judgment should be reversed, on the law, without costs, and the petition dismissed.

MAHONEY, P. J., GREENBLOTT, MAIN and HERLIHY, JJ., concur.

Judgment reversed, on the law, without costs, and petition dismissed.