MARY ANN SAMPSON, as Alderman of the Sixth Ward of the City of Harvey, *et al.*, Plaintiffs and Counterdefendants-Appellees, v. NICKOLAS GRAVES, as the Mayor of the City of Harvey, Defendant and Counterplaintiff-Appellant.

First District (3rd Division)    No. 1—98—0655

Opinion filed March 31, 1999.—Rehearing denied May 24, 1999.—Modified opinion filed May 26, 1999.

Rosenthal, Murphey, Coblentz & Janega, of Chicago (Peter M. Rosenthal and Maureen P. Higgins, of counsel), for appellant.

Johnson, Jones, Snelling, Gilbert & Davis (Phillip N. Snelling, of counsel), and Stanley L. Hill & Associates (Stanley L. Hill, of counsel), both of Chicago, for appellee.

JUSTICE CERDA delivered the opinion of the court:

Plaintiffs, Mary Ann Sampson, John Arrington, Eric Kellogg, and Daryl Crudup, aldermen of the City of Harvey, Illinois, brought a complaint seeking the compliance of the mayor, defendant Nickolas Graves, with certain Harvey ordinances. Defendant counterclaimed that Harvey ordinance No. 2992 (Harvey, Ill., Ordinance No. 2992 (eff. May 29, 1997)) unlawfully restricted his power as mayor. Ordinance No. 2992 gives one council member the "exclusive" authority, with approval of the entire council, including the mayor, to select and retain an outside attorney to assist and counsel aldermen. Defendant argues on appeal that the trial court erred in granting plaintiffs' motion for summary judgment on the counterclaim because defendant asserts

that the ordinance was unconstitutional because it altered the form of the city's government without the use of a referendum. We affirm.

## FACTS

Harvey is a home rule city. Pursuant to article 3.1 of the Illinois Municipal Code (65 ILCS 5/3.1—15—5, 3.1—40—5 (West 1996)), Harvey is governed by a city council consisting of six aldermen and a mayor. On May 29, 1997, the council passed ordinance No. 2992. Harvey, Ill., Ordinance No. 2992 (eff. May 29, 1997). Defendant vetoed it, and on July 21, 1997, the council voted to override the veto.

The sections of ordinance No. 2992 that are relevant to this appeal are:

"WHEREAS, the City Council as the legislative body of the City of Harvey finds occasions have arisen presenting a conflict of interest for representation, consultation or assistance of aldermen by the Office of the Harvey Corporation Counsel; and

WHEREAS, the City Council as the legislative body of the City of Harvey finds that in order to efficiently perform its legislative duties as a home rule municipality that it is proper and necessary that city council members have the option to obtain legal consultation and representation, separate and apart, from the Office of the Corporation Counsel for the City of Harvey with the costs for these legal services to be paid by the City of Harvey.

NOW THEREFORE BE IT ORDAINED ***

Section 1: The Chairman of the Committee on Finance of the City Council, with the approval and concurrence of a majority of all members then holding office on the City Council, as set forth in the Illinois Municipal Code, 65 ILCS 5/3.1—40—40, shall have the exclusive authority to select and retain legal counsel, upon a request by a city council alderman for legal assistance, consultation and representation with respect to matters concerning, pertaining to and related to their official duties, responsibilities and activities as members of the City Council for the City of Harvey, Illinois.

Section 2: The legal counsel selected shall be independent of the Office of Corporation Counsel for the City of Harvey and shall report directly to the Chairman of the Committee on Finance and the city council alderman for whom legal services are provided. The legal counsel selected shall be paid on an hourly basis; and shall hold no term of office but shall be terminable at anytime or upon completion of the matter upon which representation, consultation or assistance is sought.

Section 3: The City Council shall provide an appropriation of funds in its annual appropriation ordinance to pay legal fees and costs incurred for any alderman who exercises the option to obtain legal consultation and representation separate and apart from the

office of the Harvey Corporation Counsel as provided for in this ordinance. The legal counsel selected is required to submit invoices for legal services rendered directly to the Chairman of the Committee on Finance for review and will be paid upon approval and concurrence of a majority of all members then holding office on the City Council, as set forth in the Illinois Municipal Code, 65 ILCS 5/3.1—40—40." Harvey, Ill., Ordinance No. 2992 (eff. May 29, 1997).

There was no referendum that authorized the council to enact this ordinance.

On August 28, 1997, defendant Mayor Graves was granted leave to file his counterclaim for a declaratory judgment and injunctive relief. The counterclaim alleged that ordinance No. 2992 unlawfully restricted the power of the mayor. On February 9, 1998, the trial court granted plaintiffs' motion for summary judgment as to the counterclaim. Defendant appealed.

## DISCUSSION

Mayor Graves argues on appeal that ordinance No. 2992 alters the relative powers of the mayor and aldermen by giving a single alderman exclusive authority to select and retain an attorney to provide legal assistance to aldermen in violation of the Illinois Constitution's requirement that a referendum be held to approve an alteration in the form of a municipal government (Ill. Const. 1970, art. VII, § 6(f)).

■ A motion for summary judgment is to be granted if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 1996). The reviewing court's function on appeal from the entry of summary judgment is to determine *de novo* whether the judgment entered was correct as a matter of law. *Cates v. Cates*, 156 Ill. 2d 76, 78, 619 N.E.2d 715 (1993).

■ The mayor is the chief executive officer (65 ILCS 5/3.1—15—10 (West 1996)) and presides at all meetings of the city council (65 ILCS 5/3.1—40—30 (West 1996)). The mayor does not ordinarily vote (65 ILCS 5/3.1—40—30 (West 1996)), but there is an exception for his voting on ordinances or resolutions to spend money (65 ILCS 5/3.1—40—40 (West 1996)). The mayor has the power to appoint officers "with the advice and consent" of the city council, including "an attorney or a corporation counsel." 65 ILCS 5/3.1—30—5(a) (West 1996).

■ Section 8—1—7(b) of the Illinois Municipal Code authorizes the corporate authorities of a municipality to enter into two different types of employment contracts. One type is for officers, including an

attorney, and one type is for professional consultants, including attorneys:

"(b) Notwithstanding any provision of this Code to the contrary, the corporate authorities of any municipality may make contracts for a term exceeding one year and not exceeding the term of the mayor or president holding office at the time the contract is executed, relating to: (1) the employment of a municipal manager, administrator, engineer, health officer, land planner, finance director, attorney, police chief or other officer who requires technical training or knowledge; (2) the employment of outside professional consultants such as engineers, doctors, land planners, auditors, attorneys or other professional consultants who require technical training or knowledge ***." 65 ILCS 5/8—1—7(b) (West 1996).

The "corporate authorities" who are authorized to contract in section 8—1—7(b) are defined in the Code as the mayor and the aldermen. 65 ILCS 5/1—1—2(2) (West 1996).

■ A home rule unit has "the power subject to approval by referendum to adopt, alter or repeal a form of government provided by law." Ill. Const. 1970, art. VII, § 6(f). The reference in section 6(f) to "form of government" has been interpreted as including " 'the relationship of legislative and executive branches of government within municipalities.' " *Pechous v. Slawko*, 64 Ill. 2d 576, 582, 357 N.E.2d 1144 (1976), quoting 7 Record of Proceedings, Sixth Illinois Constitutional Convention 1667.

■ We are asked to decide whether the ordinance in question unconstitutionally altered the form of government of the City of Harvey by granting to the chairman of the finance committee the authority to select an attorney, upon request of an alderman, subject to the approval of the corporate authorities. The ordinance under review was not approved by referendum.

The following are cases that have found that legislation, passed without first holding a referendum, unconstitutionally altered the form of government because it changed the relative powers of the branches of government that were established by statute or ordinance: *Pechous*, 64 Ill. 2d at 585-90 (the aldermen of the city council of the City of Berwyn assumed the powers of appointment and removal over a corporation counsel and certain officers although the Code provided for the appointment of these officers by the mayor with the approval of the city council; the trustees of the Village of Oak Lawn provided that the village attorney was to be appointed by the board instead of by the village manager, who had the appointive power by statute; and the trustees also sought to terminate the village president as local liquor control commissioner and supplant him with three of their own

members in contravention of statute); *Dunne v. County of Cook*, 108 Ill. 2d 161, 166-67, 483 N.E.2d 13 (1985) (although a statute provided that four-fifths of the county board members had to vote in favor of an ordinance to pass it over the president's veto, the board enacted an ordinance that reduced the required majority to three-fifths); and *Dunne v. County of Cook*, 164 Ill. App. 3d 929, 933, 518 N.E.2d 380 (1987) (ordinances empowering county commissioners to hire and fire their own personal staffs were passed although the statute gave such appointment power to the county board president).

We first need to interpret ordinance No. 2992 before determining whether it altered the form of Harvey's government. Although ordinance No. 2992 states that it gives the finance-committee chairman the "exclusive" authority to "select" and to "retain" an attorney, significantly the ordinance indicates that the selection is subject to approval of the majority of the council members "as set forth in" section 3.1—40—40 of the Code (65 ILCS 5/3.1—40—40 (West 1996)). Section 3.1—40—40, which concerns the vote on ordinances or resolutions that provide for the expenditure of money, provides that the mayor votes along with the council. As a result of the ordinance's incorporation of section 3.1—40—40, the only power given to one of the aldermen is to make a recommendation to the council, including the mayor.

The finance-committee chairman is acting as a committee of one appointed by the council. While a city council may not delegate its powers to a committee, when the council ratifies the act of a committee in due form, it becomes the act of the council. 4 McQuillin on Municipal Corporations § 13.51, at 888 (3d rev. ed. 1992). Because by statute the corporate authorities—consisting of the council and the mayor—must approve the recommendation of the finance-committee chairman before the outside counsel is retained, the ordinance does not improperly delegate the council's legislative power to this chairman. In addition, there is no provision of the Code that prevents the council from giving to one alderman the power to recommend an attorney.

Defendant argues that under the ordinance the chairman could refuse to select another attorney if the council votes down his initial selection—in which case the chairman would be exercising greater power than the mere power to make a recommendation. We interpret the ordinance as not giving the chairman the option not to make additional selections upon the council's disapproval of a prior choice; the ordinance does not give the chairman the discretion not to exercise his authority.

Defendant argues that the Code gives to him the authority to appoint the city's officers, including an attorney, but this argument

ignores that an outside consultant is not an officer or a permanent employee. See *Daniels v. City of Venice*, 162 Ill. App. 3d 788, 790, 516 N.E.2d 701 (1987) (as used in the Code the term "officer" is a person who is assigned the continuous performance of certain permanent public duties and does not include a mere city employee).

The ordinance is in accordance with the voting structure set forth in section 8—1—7(b)(2) of the Code, under which the corporate authorities are to act together to contract for outside legal consulting services (*Village of Westmont v. Lenihan*, 301 Ill. App. 3d 1050, 1058, 704 N.E.2d 891 (1998)). *In Village of Westmont*, the court held:

"Based on our examination of the plain language of the statute, we agree with the defendants' initial contention that subsection (2) permits the municipal corporate authorities to retain additional outside legal services whether or not the mayor has appointed an individual to serve in the office of the village attorney." *Village of Westmont*, 301 Ill. App. 3d at 1058.

In the case of *Village of Westmont*, the Illinois Municipal Code and the Village of Westmont ordinances both vested in the mayor the sole authority to appoint or retain a village attorney and special counsel with the consent of the board of trustees. The court held that the board of trustees acting alone could not unilaterally terminate a contractual relationship between the village and a law firm and upheld the entering of a preliminary injunction requested by the mayor. *Village of Westmont*, 301 Ill. App. 3d at 1058-60.

The case under review differs in that this case does not involve the employment of a village attorney or special counsel that renders service to the village. The ordinance in this case provides for temporary employment of an attorney who would provide legal consultation to an alderman in the performance of legislative duties. Also in this case, in contrast to *Village of Westmont*, there is no ordinance granting the mayor the sole authority to hire attorneys for the aldermen.

A case that is helpful is *Rudd v. Sarallo*, 111 Ill. App. 2d 153, 249 N.E.2d 323 (1969). In that case, the city council approved an ordinance authorizing the chairman of the city council committee on building and zoning to approve building permits. The appellate court upheld the ordinance distinguishing between municipal positions involving municipal officers from those involving city employees. *Rudd*, 111 Ill. App. 2d at 159.

The power of the mayor to appoint the Harvey corporation counsel is not taken away by ordinance No. 2992. Nor does the ordinance remove from the corporation counsel the authority to act as the legal adviser for the City of Harvey.

Ordinance No. 2992 provides members of the city council the option to receive legal advice or representation on legislative matters from attorneys independent of the corporation counsel selected by the mayor. Such temporary legal consultants are not municipal officers and do not represent the City of Harvey. The mayor has not cited authority requiring that any temporary attorney paid by the City of Harvey must be selected or retained by him. Nor has the mayor cited a statute granting the mayor of a home rule unit of government the sole authority to appoint an attorney for the city council members. Section 8—1—7(b)(2) of the Illinois Municipal Code vests the authority to hire the kind of professional consultant at issue here in the municipal authorities, *i.e.*, city council and mayor. Ordinance No. 2992 accomplishes that by requiring the approval of the majority of the corporate authorities of the City of Harvey.

Defendant argues that the ordinance decreases his authority by changing the procedures in place before the ordinance in which the mayor selected attorneys to provide legal services to aldermen, in which these outside attorneys reported to the mayor and in which the mayor processed their invoices.

Assuming *arguendo* that these were the prior procedures, the mayor does not demonstrate that the new procedures resulting from ordinance No. 2992 are contrary to the Code or to other Harvey ordinances. The mayor's position as chief executive officer does not include the power to supervise the attorney hired to advise an alderman on matters pertaining to the alderman's duties, responsibilities and activities.

The mayor argues that the ordinance circumvents the regular invoice approval process in the City of Harvey. Defendant does not specify what was involved in his processing of the invoices, but the mayor will be able under the ordinance to review the invoices when the payment issue comes before the council for a vote.

Defendant argues that the ordinance is broadly written to permit the hiring of an attorney for any matter related to the official duties of aldermen where the corporation counsel could assist aldermen and not just where representation by outside counsel is made necessary by the corporation counsel's conflict of interest.

Section 8—1—7(b)(2) provides the authority to hire an outside attorney as consultant. *Cf. State v. Volkmer*, 73 Wash. App. 89, 94, 867 P.2d 678, 681 (1994) (in a case in which there was no statute similar to section 8—1—7(b)(2), the court held that, where the municipal corporation had charged legal counsel with the duty to conduct the legal business of the government, contracts with other attorneys for additional legal services were void, unless the village attorney refused to act, was incapable, or was disqualified).

The authority given by section 8—1—7(b)(2) is not on its face restricted to situations where the corporation counsel has a conflict of interest. But, without deciding the issue whether an outside counsel can be hired to perform the duties of the corporation counsel, we find that the ordinance on its face does not allow a consultant to usurp the duties of a corporation counsel. *Cf. Yevchak v. Raymond,* 63 A.D.2d 197, 199, 407 N.Y.S.2d 83, 85 (1978) (city council's law to appoint a special counsel was an attempt—without submission to referendum—to establish a permanent, ongoing legal office with duties of a public officer and therefore was an attempt to abolish, transfer or curtail the power of the mayor to appoint all officers).

Because an attorney has not yet been hired under the ordinance, the issue hinted at by defendant is not presented by the facts of the case before us today: whether a special counsel continually hired under this ordinance as a consultant could be deemed in effect to have improperly supplanted the duties of the corporation counsel so that the council's continued retention of the attorney could be deemed a usurpation of the mayor's power to appoint a corporation counsel.

Defendant also argues that the ordinance permits an attorney to be used on an ongoing basis by aldermen virtually permanently, but the time limitation of section 8—1—7(b) of the Code would apply to prohibit a contract term longer than the term of the mayor.

We conclude that ordinance No. 2992 is not on its face an attempt to change the relative powers of the legislative and executive branches of government in Harvey.

The judgment of the trial court is affirmed.

Affirmed.

CAHILL, P.J., and BURKE, J., concur.