# Illinois Official Reports

## Appellate Court

---

### *Jones v. Brown-Marino*, 2017 IL App (1st) 152852

---

| | |
|---|---|
| Appellate Court Caption | SHERMAN C. JONES, in His Capacity as President of the Village of Broadview, Plaintiff-Appellant, v. JUDY BROWN-MARINO, DIANE LITTLE, TARA BREWER, and JOHN EALEY, in Their Capacity as Trustees of the Village of Broadview, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-15-2852 |
| Rule 23 order filed Motion to publish allowed<br>Opinion filed | February 27, 2017<br><br>April 6, 2017<br>April 10, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CH-8862; the Hon. Thomas R. Allen, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Dominick L. Lanzito and Jenifer L. Turiello, of Peterson, Johnson & Murray—Chicago LLC, of Chicago, for appellant.<br><br>Keri-Lyn J. Krafthefer and Adam W. Lasker, of Ancel, Glink, Diamond, Bush DiCianni & Krafthefer, PC, of Chicago, for appellee. |

| Panel | JUSTICE SIMON delivered the judgment of the court, with opinion. Presiding Justice Connors and Justice Harris concurred in the judgment and opinion. |
|---|---|

**OPINION**

¶ 1     Following an election, plaintiff's party lost majority control of the board of trustees. The new majority party began to take actions adverse to plaintiff's interests, and plaintiff is trying to stop them. The board of trustees passed an ordinance allowing trustees to hire outside counsel to assist with drafting legislation and other legislative services. Plaintiff filed this case seeking a declaration that the ordinance was legally invalid. Plaintiff also moved the court to disqualify the law firm that defendants had hired to provide legislative services. The trial court denied plaintiff's motion to disqualify counsel and subsequently dismissed the case. The trial court committed no error, and we affirm.

¶ 2                                           BACKGROUND

¶ 3     Plaintiff Sherman C. Jones filed this case in his capacity as president of the Village of Broadview. After the 2015 election, Jones's party lost the majority of village trustees who are charged with passing legislation. The new majority party, the Better Broadview Party, counts defendants Judy Brown-Marino, Diane Little, Tara Brewer, and John Ealey as members. After being sworn in as trustees, to the dismay of Kevin McGrier and Gwenevere Turner the now-minority trustees, defendants began to assert their newfound control of the legislative process in the village.

¶ 4     Defendants passed the "Legislative Counsel Ordinance." The ordinance allows village trustees to enlist outside counsel to provide services like assistance with drafting ordinances and contracts and basically anything else that comes within the trustees' purview. Plaintiff, as the village president, does not like the legislative counsel ordinance, particularly because the appointed village attorney is loyal to him while outside counsel is predictably hostile. So plaintiff filed a complaint asking the court to invalidate the legislative counsel ordinance. He then moved to have the particular outside counsel hired, Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C. (Ancel Glink), disqualified from representing the trustees. Plaintiff, among other arguments, maintained that the ordinance eroded his executive branch powers because hiring outside counsel transferred responsibilities from the village attorney to another attorney.

¶ 5     The appeal is principally directed at the disqualification issue. Plaintiff argues that Ancel Glink should be disqualified because it has a conflict of interest under Rule 1.7 of the Illinois Rules of Professional Conduct of 2010 (eff. Jan. 1, 2010). Rule 1.7 says that lawyers should not represent a client if the lawyer has a concurrent conflict of interest. "A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Ill. R. Prof'l Conduct (2010) 1.7(a) (eff. Jan. 1, 2010).

¶ 6    Ancel Glink has represented defendants in past litigation and was supposedly representing them in two matters associated with village business at the time the ordinance was passed. Plaintiff maintains that Ancel Glink's simultaneous representation of defendants in litigation, combined with the firm being hired as outside legislative counsel for the trustees, is prohibited. Plaintiff basically maintains that trustees McGrier and Turner, the minority party members, are being forced to be represented by Ancel Glink despite the fact that they oppose parties in ongoing legislation that are represented by Ancel Glink. According to plaintiff, because of the firm's preexisting adversarial relationship with McGrier and Turner, those trustees "can never get the attention and allegiance they deserve from Ancel Glink in legislative drafting and other endeavors."

¶ 7    The trial court denied plaintiff's motion to disqualify Ancel Glink. The case then turned to plaintiff's various arguments as to why the ordinance should be invalidated. Defendants filed a motion to dismiss, and the trial court granted it. Plaintiff appeals.

¶ 8                                          ANALYSIS
¶ 9                          I. Disqualification of Ancel Glink
¶ 10   The appeal in this case is relatively odd in that no one is seeking an order to disqualify an attorney in this specific case. Instead, plaintiff seeks an order that Ancel Glink cannot represent defendants in their unrelated legislative endeavors.

¶ 11   Generally, we review a circuit court's ruling on a motion to disqualify an attorney for an abuse of the court's discretion. *Schwartz v. Cortelloni*, 177 Ill. 2d 166, 176 (1997). However, insofar as this case concerns the interpretation of an ordinance, our review is *de novo*. *La Salle National Bank v. City Suites, Inc.*, 325 Ill. App. 3d 780, 786 (2001).

¶ 12   The legislative counsel ordinance states that:

"When, from time to time, it is found to be in the best interests of the Village of Broadview for the Trustees to retain independent Legislative Counsel, the Board of Trustees may choose to do so by Ordinance. Said Legislative Counsel would advise the Trustees on matters relating to their legislative duties, which may include, but are not limited to, the drafting [of] ordinances, contract documents, opinions on the powers of the legislative branch, analysis of the validity of actions taken by the Village, review of litigation issues and providing other advice on matters within the purview of the legislative branch of municipal government. The Trustees shall by motion, select one or two Trustees who shall be allowed to direct the Legislative Counsel to provide services, research and opinion. Trustees may seek legal counsel regarding any matters within the range of items specified above. The independent Legislative Counsel will indicate on their invoices the Trustee who initiated the contact with them and will also provide a general description of the services provided. The independent Legislative Counsel shall be retained as independent contractors at a rate authorized by the Village Board. No department or office of independent Legislative Counsel is hereby created. The Legislative Counsel shall not replace or usurp the powers of the Village Attorney." Broadview Village Code § 1-6-8 (June 4, 2015).

¶ 13   There are several reasons that the trial court did not err when it denied plaintiff's disqualification motion. What basis does the plaintiff, a member of an entirely separate branch of the government, have to try to raise a conflict of interest claim that might exist among the

trustees? Plaintiff has not provided any authority to explain how he might be able to meddle in the trustees' choice of counsel for legislative services. Plaintiff has no interest in the matter. McGrier and Turner have not even objected to being represented by Ancel Glink; they are entirely absent. Plaintiffs in a case have no standing to challenge defense counsel's ability to represent a client without some showing that the representation adversely affects their interests. *Evink v. Pekin Insurance Co.*, 122 Ill. App. 3d 246, 250 (1984); see generally Eric C. Surette, Annotation, *Standing of Person, Other Than Former Client, to Seek Disqualification of Attorney in Civil Action*, 72 A.L.R.6th 563 (2012).

¶ 14    Rule 1.7 deals with concurrent conflicts of interest, and plaintiff's request to disqualify Ancel Glink is not even directed at any specific representation. A party seeking to disqualify counsel bears the burden of proving the existence of a conflict of interest. *Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 392 Ill. App. 3d 1, 13 (2009). Plaintiff's whole argument falls apart if Ancel Glink is not representing McGrier and Turner. And there is nothing to indicate that any such representation exists. The ordinance is entirely permissive. Trustees may seek outside counsel and the attendant advice if they so desire.

¶ 15    It is also not clear that Ancel Glink is actually "representing" anybody for purposes of Rule 1.7. The trustees are not adverse clients *vis-a-vis* one another. And the president is not adverse to the board of trustees. The legal services covered by the ordinance concern assistance with performing legislative duties. Performing a legal service for someone does not necessarily equate to "representing" that person as that term is used in Rule 1.7. Even if we did determine that Ancel Glink is representing someone when it assists a trustee in his performance of legislative services, the firm still only represents those individuals that want its services.

¶ 16    Defendants also point out that there is no *concurrent* conflict as required for disqualification under Rule 1.7. Defendants state that both of the cases that involved Ancel Glink and the trustees as adverse parties "have now both reached final judgment and are well beyond the timeframe for filing any appeals." So Rule 1.7 cannot serve as a basis for disqualifying Ancel Glink from performing legislative services. Accordingly, the trial court did not err when it denied plaintiff's motion to disqualify counsel.

¶ 17                                    II. Dismissal of the Complaint

¶ 18    Plaintiff argues that the trial court erred when it dismissed his complaint. We review the dismissal of a complaint *de novo. Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. Defendants' motion to dismiss was brought pursuant to the section of the Code of Civil Procedure that allows a defendant to file a combined motion directed at a pleading. 735 ILCS 5/2-619.1 (West 2012).

¶ 19    A section 2-615 motion attacks the sufficiency of a complaint and raises the question of whether a complaint states a cause of action upon which relief can be granted. *Fox v. Seiden*, 382 Ill. App. 3d 288, 294 (2008). All well-pleaded facts must be taken as true, and any inferences should be drawn in favor of the nonmovant. 735 ILCS 5/2-615 (West 2012); *In re Application of the County Treasurer & ex-officio County Collector*, 386 Ill. App. 3d 906, 908 (2008). Plaintiffs are not required to prove their case at the pleading stage; they are merely required to allege sufficient facts to state all elements that are necessary to constitute each cause of action in their complaint. *Visvardis v. Eric P. Ferleger, P.C.*, 375 Ill. App. 3d 719, 724 (2007). A section 2-615 motion to dismiss should not be granted unless no set of facts could be proved that would entitle the plaintiff to relief. *Beacham v. Walker*, 231 Ill. 2d 51, 58 (2008).

¶ 20    A section 2-619 motion to dismiss admits the legal sufficiency of the complaint. 735 ILCS 5/2-619 (West 2012). The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of the litigation. *In re Estate of Gallagher*, 383 Ill. App. 3d 901, 903 (2008). Although a section 2-619 motion to dismiss admits the legal sufficiency of a complaint, it raises defects, defenses, or some other affirmative matter appearing on the face of the complaint or established by external submissions, that defeat the plaintiff's claim. *Ball v. County of Cook*, 385 Ill. App. 3d 103, 107 (2008).

¶ 21    In his complaint, plaintiff contends that the legislative counsel ordinance and another ordinance, the "Meeting Ordinance," are void on their face and illegal. Plaintiff argues that defendants are sidestepping the village attorney and thereby divesting plaintiff of his statutory executive powers.

¶ 22    The legislative counsel ordinance specifically says that the village attorney's powers are not to be usurped. The only concrete thing plaintiff points to in an attempt to demonstrate the unlawfulness of the ordinances is that the village code states that "[t]he Village Attorney shall attend the meetings of the Board of Trustees and shall draft all ordinances, bonds, contracts, leases, conveyances and other instruments of writing, including abstracts of title, required for the business of the Village." Broadview Village Code § 1-8B-1-3(B) (1987). Plaintiff maintains that, because the village attorney "shall" perform all the legislative drafting, etc., the trustees are forbidden from cutting that person out of the process.

¶ 23    There is nothing in the village code that gives the village attorney exclusive control over the drafting process or any other legislative function. Section 1-8B-1-3 imposes duties on the village attorney, not the board of trustees. Surely plaintiff, as the executive, cannot exert exclusive control over the legislative process. It is clear that the village attorney is aligned with plaintiff, and as even plaintiff acknowledges, there is nothing that prohibits defendants from getting legal advice elsewhere. *Sampson v. Graves*, 304 Ill. App. 3d 961, 967-68 (1999). Plaintiff has not provided any authority or a sound logical basis for finding the ordinances to be unconstitutional or otherwise unlawful.

¶ 24    Moreover, the board amended the village code to state that "[t]he Village Attorney *** shall, *when called upon*, draft all ordinances, bonds, contracts, (etc.)." (Emphasis added.) So even if plaintiff is correct that the prior version of the village code required the village attorney's participation in the legislative process, it no longer does. Plaintiff dismissively argues that defendants are "tampering with" the village code to effectuate their agenda. The legislative branch is fully entitled to make laws—and that includes changing them. The board is free to amend the village code and amend the duties it previously assigned to the village attorney. The board is free to authorize the use of outside counsel. There is nothing unlawful about that. See *Sampson*, 304 Ill. App. 3d at 967-68.

¶ 25    Plaintiff also argues that the legislative counsel ordinance is void on its face and illegal because it does not have definitive effective dates and because there was not an appropriation for outside counsel in the budget. As to the first argument, plaintiff maintains that since the ordinance has an indefinite duration, it violates the Illinois Municipal Code's limitation on contractual liabilities. 65 ILCS 5/8-1-7 (West 2012). That statute generally provides that municipal officers are prohibited from making long-term financial commitments that would tie the hands of their successors. *Cannizzo v. Berwyn Township 708 Community Mental Health Board*, 318 Ill. App. 3d 478, 482-83 (2000).

¶ 26    Plaintiff maintains that the ordinances "deprive subsequent Boards of legislative control over the retention of Legislative Counsel." Like with its previous argument, plaintiff misunderstands the right of future boards to amend the village code. Nothing in the ordinance commits the village to any obligation beyond the term of the current board. Moreover, the ordinance makes clear that any contract with outside counsel is an on-demand request for legal services. Each request for services is a new contract. There is no ongoing obligation between the village and Ancel Glink, or, for that matter, any other attorney the board might eventually choose to utilize under the ordinance.

¶ 27    As for its argument concerning the lack of a budget appropriation, plaintiff argues that where there is no appropriation in the municipal budget for a contract, the contract is void (citing *Guerine v. City of Northlake*, 1 Ill. App. 3d 603, 606-07 (1971)). But plaintiff is not trying to invalidate any particular contract. He is trying to invalidate the enabling ordinance. None of the authority plaintiff relies upon deals with invalidating ordinances. Plaintiff is not arguing on behalf of the village that particular payments to Ancel Glink were invalid. The village could have, perhaps, sought damages for money paid to defense counsel without a proper budget appropriation. But nothing has been offered to show that the ordinance itself is facially invalid. *Napleton v. Village of Hinsdale*, 374 Ill. App. 3d 1098, 1112 (2007) (facial challenge requires the challenger to demonstrate the invalidity of the ordinance under any set of circumstances). The trial court properly dismissed plaintiff's complaint.

¶ 28                                          CONCLUSION

¶ 29    Accordingly, we affirm.

¶ 30    Affirmed.