2023 IL App (1st) 220543-U

SECOND DIVISION
October 17, 2023

Nos. 1-22-0543 and 1-22-0984, Consolidated

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| *In re* ESTATE OF DENNIS A. BERMUDEZ, Deceased, | ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| (Maria Bermudez, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 21 P 1071 |
| | ) | |
| Joshua Bermudez, individually and as Independent Executor of the Estate of Dennis A. Bermudez, deceased, | ) ) ) | |
| | ) | Honorable Daniel O. Tiernan, |
| Respondent-Appellee.) | ) | Judge Presiding. |

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices Ellis and Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*: We reverse the judgment of the circuit court granting respondent's motion to dismiss petitioner's declaratory judgment action and her claim against the estate. Petitioner can prove facts that will entitle her to relief on her claim against property subject to a preamendment transfer on death instrument.

¶ 2    This appeal concerns whether a surviving spouse can attack a transfer of property made under a transfer on death instrument in order to claim a statutory elective share. The General

Assembly has now expressly provided that a surviving spouse has the right to renounce a transfer on death instrument, but there was no express statutory authority for the right to renounce a transfer on death instrument at the time the decedent in this case died. The trial court dismissed petitioner's claims against the property, finding that she had no right to renounce the transfer on death instrument under the statute that was in effect at the relevant time. We conclude that, at the time of the decedent's death in this case, a surviving spouse had the right to attack a transfer under a transfer on death instrument on the basis that it is a sham and is colorable or illusory and is tantamount to a fraud. Accordingly, we reverse and remand the case to give the petitioner the opportunity to put forward a set of facts establishing that the transfer on death instrument was colorable or illusory and a fraud on her marital rights.

¶ 3                                      BACKGROUND

¶ 4      Dennis Bermudez died on January 4, 2021. Dennis executed a transfer on death instrument on August 18, 2020. The transfer on death instrument attempts to convey the property at 2331 N. Campbell Avenue in Chicago to Dennis's son, respondent Joshua Bermudez, upon Dennis's death. The transfer on death instrument was recorded with the Cook County Recorder of Deeds on November 16, 2020. Dennis married petitioner Maria Bermudez on December 23, 2020. Dennis died 12 days after marrying Maria. While Dennis and Maria were only married for 12 days, Maria lived with Dennis at the property on Campbell for more than 13 years in a "committed, loving relationship." Dennis died testate with a will that provided for the manner of disposing of his property.

¶ 5      Dennis had two heirs at the time of his death, his son Joshua and his wife Maria. Joshua was appointed by the probate court as the executor of Dennis's estate. Maria filed a renunciation of Dennis's will, and she subsequently filed a renunciation of the transfer on death instrument

2

that Dennis executed. After renouncing the will and the transfer on death instrument, Maria filed

a claim with the probate court for a spousal share of Dennis's estate. Maria also filed a petition

for a declaratory judgment seeking a declaration that she was entitled to a spousal share of the

Campbell property based on her renunciation of the transfer on death instrument.

¶ 6     Joshua filed a motion to dismiss Maria's claim against the estate and her petition for a

declaratory judgment as they related to the Campbell property. The trial court held a hearing on

the motion to dismiss. Following the hearing, the trial court granted Joshua's motion to dismiss.

The trial court explained that it reviewed the statutes at issue, particularly the Real Property

Transfer on Death Instrument Act (755 ILCS 27/1 *et seq*. (West 2022)). The trial court found

that, under the Act as effective at the time of Dennis's death, a surviving spouse did not have the

right to renounce a transfer on death instrument and elect a marital share.

¶ 7     The trial court dismissed Maria's petition for a declaratory judgment and dismissed her

claim against the estate for one-third of the value of the Campbell property. Maria now appeals

the trial court's judgment.

¶ 8                                    ANALYSIS

¶ 9     The trial court dismissed Maria's petition for declaratory relief and her probate claim

relating to the Campbell property pursuant to Joshua's motion to dismiss brought under section

2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619 (West 2022)). A section 2-

619 motion to dismiss admits the legal sufficiency of the complaint. 735 ILCS 5/2-619 (West

2022). The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily

proved issues of fact at the outset of the litigation. *Jones v. Brown-Marino*, 2017 IL App (1st)

152852, ¶ 20. Although a section 2-619 motion to dismiss admits the legal sufficiency of a

complaint, it raises defects, defenses, or some other affirmative matter appearing on the face of

3

the complaint or established by external submissions, that defeat the plaintiff's claim. *Ball v. County of Cook*, 385 Ill. App. 3d 103, 107 (2008). We review the trial court's decision to grant a motion to dismiss *de novo. In re Marriage of Wojcik*, 2018 IL App (1st) 170625, ¶ 17.

¶ 10    This dispute largely depends on an interpretation of a statute— the Real Property Transfer on Death Instrument Act (755 ILCS 27/1 *et seq*. (West 2022)). When we are required to construe a statute, our primary objective is to ascertain and give effect to the legislature's intent. *Whitaker v. Wedbush Securities, Inc.*, 2020 IL 124792, ¶ 16. The language used by the legislature is the best indicator of what the legislature intended. *Id.* We must construe the statute so that each word, clause, and sentence, if possible, is given a reasonable meaning and not rendered superfluous, avoiding an interpretation which would render any portion of the statute meaningless or void. *Sylvester v. Industrial Comm'n,* 197 Ill. 2d 225, 232 (2001). We review a trial court's interpretation of a statute *de novo. J & J Ventures Gaming, LLC v. Wild, Inc.*, 2016 IL 119870, ¶ 25.

¶ 11    Originally, the statute dealt with only residential real estate (755 ILCS 27/10 (West 2020)), and it allowed a property owner to execute a document to "transfer residential real estate by a transfer on death instrument to one or more beneficiaries *** effective at the owner's death." 755 ILCS 27/20 (West 2020). After executing a transfer on death instrument, the owner's rights and interests in the property were not affected (755 ILCS 27/60 (West 2020)) and the beneficiary acquired no legal interest in the property until the event of the owner's death. When the owner died, the beneficiary would take title to the property, and the beneficiary would take such title subject to the interests to which the property was subject at the time of the owner's death. 755 ILCS 27/65 (West 2020). In addition, under the original Act, "[a] beneficiary of a

4

transfer on death instrument was subject to the claims of creditors and statutory claimants to the same extent as a beneficiary of any nontestamentary transfer." 755 ILCS 27/85 (West 2020).

¶ 12    Effective January 1, 2022, the General Assembly significantly amended the Act. The Act is now called the Real Property Transfer on Death Instrument Act. 755 ILCS 27/1 (West 2022). The scope of the type of transfers allowed under the Act was significantly broadened under the amendment, as the Act no longer applies to just residential real estate, but now allows for the transfer of "real property," which has the broad definition of "an interest in realty located in this State capable of being transferred on the death of the owner." 755 ILCS 27/5 (West 2022). Notably for purposes of this case, the amended Act contains an entirely new statutory section that specifically provides for a right of renunciation by a surviving spouse. 755 ILCS 27/66 (West 2022).

¶ 13    In the 2022 amendment to the Act, the General Assembly codified that "a transfer on death instrument may be renounced by the owner's surviving spouse." 755 ILCS 27/66(a) (West 2022); see also 2021 Ill. Legis. Serv. P.A. 102-68 (S.B. 47) (West 2021). If the surviving spouse renounces the transfer on death instrument, the surviving spouse is entitled to a one-third interest in the real property that is transferred by the instrument. *Id.* A surviving spouse has a statutory right to renounce a transfer on death instrument and take an elective share in the real property. *Id*. The amended Act also more clearly addresses the rights of claimants against the beneficiary's acquired interest.

>    "A beneficiary of a transfer on death instrument is subject to creditor, administrative, funeral and burial, and statutory claims to the same extent and in the same manner as a beneficiary of a trust that was revocable at the time of the settlor's death as provided in Section 505 of the Illinois Trust Code, except that if

5

more than one real property is transferred by a transfer on death instrument, the liability will be apportioned among the real properties in proportion to the net values of the real properties at the time of the owner's death." 755 ILCS 27/85 (West 2022).

¶ 14    The amendment became effective on January 1, 2022, and Dennis Bermudez died on January 4, 2021. In deciding to dismiss Maria's claims related to the Campbell property, the trial court noted that the General Assembly amended the Act, effective January 1, 2022, to grant a surviving spouse the right to renounce a transfer on death instrument, but the trial court found that the amendment was not effective as it relates to Maria's claim because Dennis died before the amendment went into effect. Thus, the trial court concluded, "given the timing of [Dennis's death] *** [the Act] does not grant [Maria] a right to renounce that [transfer on death instrument] and therefore get one-third of the value of the property on Campbell." The trial court found that there was no basis for applying the amendment to the statute retroactively under the circumstances and that none of Maria's other arguments entitled her to relief.

¶ 15    Maria argues that section 66 of the Act should apply to her right to renounce the transfer on death instrument. However, section 66 of the Act became effective after Dennis died and after the transfer on death instrument became executory to transfer the Campbell property to Joshua. Whether an amendment to a statute will be applied prospectively or retroactively is a matter of statutory construction, so we review the issue *de novo*. *Deicke Center v. Illinois Health Facilities Planning Board*, 389 Ill. App. 3d 300, 303 (2009).

¶ 16    Illinois courts apply a three-tiered test to determine whether a statute should apply retroactively. *Schweickert v. AG Services of America Inc.*, 355 Ill. App. 3d 439, 442 (2005). The first question is whether the legislature clearly indicated the temporal, or retroactive, reach of the

6

amended statute. *Id*. Here, the General Assembly expressed no intention that the amendment to the statute should be applied retroactively. If the statute does not clearly indicate its reach, we move on to determine whether the amendment is procedural or substantive in nature. *Id*. Only those amendments that are procedural in nature may be applied retroactively. *Id*. Here, the addition of section 66 to the Act is a substantive change in the rights afforded by the statute. A substantive change in law establishes, creates, or defines rights. *Id*. Section 66 either created or defined the statutory right to renounce a transfer on death instrument and it is clearly substantive in nature. Maria seems to acknowledge the prospective application of the amendment as she has developed no argument that the amendment indicates a retroactive application, nor has she argued that the amendment is procedural in nature. Accordingly, we must apply the law that was in effect at the time of Dennis's death.

¶ 17   Pertinent to this case is the fact that the prior version of the statute stipulated that "[a] beneficiary of a transfer on death instrument is subject to the claims of creditors and statutory claimants to the same extent as a beneficiary of any nontestamentary transfer." 755 ILCS 27/85 (West 2020). Under the Probate Act of 1975, a surviving spouse is entitled to renounce a decedent's will in favor of receiving a statutory spousal share. 755 ILCS 5/2-8(a) (West 2022). Under the Probate Act and section 85 of the statute governing transfer on death instruments before the 2022 amendment, Maria had a statutory claim against the property to the same extent as she would against a revocable trust or any other nontestamentary transfer.

¶ 18   Our supreme court had long held, before the amendment at issue in this case, that transfers of property under revocable trusts are valid to defeat the right of a surviving spouse to an elective share. See *Johnson v. La Grange State Bank*, 73 Ill. 2d 342, 356 (1978) ("The courts of this State have readily upheld Inter vivos trust arrangements where the settlor has named

himself trustee and retained indicia of ownership and control."). However, a transfer of property through a trust is vulnerable to attack when the trust employed is "colorable and illusory and a fraud on marital rights." *Id*. Under section 85 of the preamendment transfer on death instrument statute, a transfer on death instrument is subject to the same line of attack.

¶ 19    An owner of property has the absolute right to dispose of his property during his lifetime in any manner he sees fit, and he can even transfer property with the expressed intent of minimizing or defeating the statutory marital interest of his spouse. *In re Estate of Mocny*, 257 Ill. App. 3d 291, 294 (1993). Such a gift or transfer is not vulnerable or subject to attack by the surviving spouse unless the transaction is a sham and is "colorable" or "illusory" and is tantamount to a fraud. *Johnson*, 73 Ill. 2d at 358.

¶ 20    If a decedent makes an illusory or colorable transfer of property, the transfer is a fraud on the marital rights because the decedent, in reality, had no intent to convey any present interest in the property but, in fact, intended to retain complete ownership. *Id.* at 359. Although the spouse's marital rights can be defeated by an actual transfer, a purported transfer whereby the owner does not intend to convey a present interest, but intends to retain ownership, is evidence of an intent to defraud. *Id*.

¶ 21    In this case, the grounds stated in Joshua's motion to dismiss do not defeat Maria's claim. Maria has a statutory claim against the property under preamendment section 85 of the statute, and she is entitled to attack the transfer on death instrument in the same manner as any other nontestamentary transfer. 755 ILCS 27/85 (West 2020). A transfer on death instrument is a nontestamentary transfer. 755 ILCS 27/30 (West 2020) ("A transfer on death instrument is a nontestamentary instrument and is subject to all other laws governing or affecting nontestamentary instruments.").

8

¶ 22    To succeed on her claim, Maria must prove that the transaction here under the transfer on death instrument "is tantamount to a fraud as manifested by the absence of donative intent to make a conveyance of a present interest in the property conveyed." *Johnson*, 73 Ill. 2d at 361. "Without such an intent the transfer would simply be a sham or merely a colorable or illusory transfer of legal title." *Id.*

¶ 23    It is not clearly apparent that Maria cannot prove a set of facts establishing that the transaction in question is "in actuality a sham transaction, essentially testamentary in character, and therefore invalid." *Id.* at 364. As our supreme court has explained, whether the transfer of property in trust is vulnerable to attack by a surviving spouse depends on whether the trust employed is colorable or illusory and a fraud on marital rights, and such a determination necessarily turns on the facts of each individual case. *Id.* at 356-57. Under section 85, the same standard applies to transfer on death instruments. See 755 ILCS 27/85 (West 2020).

¶ 24    Maria is entitled to an opportunity to prove that the transfer, under the facts of this individual case, is invalid. A section 2-619 motion to dismiss should be granted only if it is clearly apparent that the plaintiff can prove no set of facts that would support a cause of action. *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 8; *Galaviz v. Mietus Restoration, Inc.*, 2023 IL App (1st) 220514, ¶ 27. Here, Maria can prove a set of facts that would entitle her to relief if she can prove that the transfer on death instrument was colorable or illusory and a fraud on marital rights. *Johnson*, 73 Ill. 2d at 364. Accordingly, her petition for a declaratory judgment and her claim against the property should not have been dismissed. We remand the case to give Maria the opportunity to put forward a set of facts establishing that the transfer on death instrument was colorable or illusory and a fraud on her marital rights.

1-22-0543)
1-22-0984) Cons.

¶ 25                                        CONCLUSION

¶ 26    Accordingly, we reverse and remand for further proceedings.

¶ 27    Reversed and remanded.