GEORGE W. DUNNE, in his official capacity as President of the Board of Commissioners and Chief Executive Officer of the County of Cook, *et al.*, Plaintiffs-Appellees, v. THE COUNTY OF COOK *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 87—252

Opinion filed December 16, 1987.

Jerome H. Torshen, Ltd., of Chicago, and Ryan, Moore & Nelson, Ltd., of Arlington Heights (James T. Ryan, Abigail K. Spreyer, James K. Genden, Michael S. Holzman, and Jerome H. Torshen, of counsel), for appellants.

Jerold S. Solovy, Special State's Attorney, of Chicago (Barry Sullivan, Joel T. Pelz, and Kimberly A. Taylor, of counsel), for appellees.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendants, several members of the Cook County board of commissioners, appeal from an order of the trial court declaring unconstitutional two Cook County ordinances pertaining to the power of the board members to appoint or remove members of their staffs. On appeal, defendants contend that by finding these ordinances unconstitutional, the constitutional mandate of separation of powers between the legislative and executive branches of the county government has been violated. Defendants also maintain that article VII, section 6, of the Illinois Constitution empowered the county board, under its home rule powers, to pass these ordinances despite the conflicting statute empowering the county president to appoint members of the commissioners' staffs, and thus the ordinances enacted by the board were valid.

On February 28, 1983, and April 11, 1983, the board of commissioners of Cook County passed resolutions. The first, the employee resolution, gave the commissioners the power to hire, supervise and fire their own personal staffs, including an administrative assistant and a personal secretary. This ordinance further gave the chairman of the finance committee the power to hire an assistant, and gave the board the power to hire a legislative coordinator and a secretary to the board and the staff. The second resolution, the expenditure resolution, gave a group of commissioners the power to approve or disapprove all expenditures made in connection with the compensation of the employees affected by the employee resolution. Prior to these resolutions, the power to appoint these county employees was vested in the chief executive of the board by section 61.17 of "An Act in relation to the election of county commissioners ***" (Ill. Rev. Stat. 1985, ch. 34, par. 1101), which in relevant part states: "All officers and employees of the county of Cook, in the classification hereinafter provided for, except those whose election or appointment is otherwise provided for by law, *** shall be appointed by the president of the board, according to the provisions of this section."

George Dunne, president of the Cook County board, vetoed both resolutions as attempts by the legislative branch "to encroach upon the statutory and Constitutional authority of the office of the President of the Cook County Board." Both resolutions were enacted over President Dunne's veto. Two members of the board, Commissioners Bieszczat and Stroger, were not in favor of the resolutions and have joined President Dunne as party plaintiffs in the present action.

Plaintiffs filed this complaint seeking declaratory relief and ask-

ing the trial court to declare the resolutions to be unconstitutional and illegal. Defendants are the individual members of the board of commissioners who were in office when the resolutions were enacted and when this action commenced. Each defendant is sued only in his or her official capacity.

Another case between the same parties was awaiting final review. That case involved an earlier resolution passed by the board, over the veto of President Dunne, which attempted to reduce from four-fifths to three-fifths the number of votes necessary to override the president's veto. In the veto case, the supreme court subsequently held that the veto resolution was unconstitutional because it purported to alter the "form of government" of Cook County without referendum approval, in violation of article VII, section 6(f), of the Illinois Constitution. Ill. Const. 1970, art. VII, §6(f); *Dunne v. County of Cook* (1985), 108 Ill. 2d 161, 483 N.E.2d 13.

Upon final disposition by the supreme court of the veto resolution case, the trial court here granted summary judgment in favor of plaintiffs. The court found no genuine issues of material fact, that the power to hire and fire the employees in question is vested in the executive officer of Cook County by section 61.17 (Ill. Rev. Stat. 1985, ch. 34, par. 1101), and that the resolutions in question are unconstitutional because they attempt to alter the form of county government, without referendum approval, in violation of article VII, section 6(f), of the Illinois Constitution.

Article VII, section 6(f), of the Illinois Constitution states:

"(f) A home rule unit shall have the power subject to approval by referendum to adopt, alter or repeal a form of government provided by law, except that the form of government of Cook County shall be subject to the provisions of Section 3 of this Article."

Questions regarding whether certain actions taken by government boards constitute a change in the form of government have been answered by our supreme court in two cases: *Pechous v. Slawko* (1976), 64 Ill. 2d 576, 357 N.E.2d 1144, and *Dunne v. County of Cook* (1985), 108 Ill. 2d 161, 483 N.E.2d 13. In *Pechous*, our supreme court found that attempts by the governing bodies of two home rule municipalities to transfer to themselves the power to appoint certain municipal officials without referendum approval was unconstitutional. In both municipalities, the appointment powers properly belonged to the chief executive, pursuant to State statute or municipal code. In the first controversy considered in *Pechous*, defendants, the aldermen of Berwyn, enacted an ordinance removing from office the superin-

tendent of streets, the commissioner of public works, the city collector, and the city attorney and appointing replacements for them. State statute and the municipal code of Berwyn provided for appointment of these officials by the mayor with the approval of the council, while removal of these appointees was in the discretion of the mayor. The mayor of Berwyn and the city clerk challenged the power of the aldermen to exercise powers of appointment and removal.

In the other case considered by the *Pechous* court, the defendant members of the board of trustees of the Village of Oak Lawn enacted an ordinance eliminating the office of village attorney from the list of officers to be appointed by the village manager and provided that the village attorney shall be appointed by the board of trustees. The village code authorized the city manager to appoint certain officers, including the village attorney.

The supreme court in *Pechous* invalidated the ordinances in question, finding they "form a part of the continuing effort on the part of the trustees to encroach upon the statutory authority of the city manager and to appropriate to themselves, without a referendum, the power to appoint the legal advisor for the village." *Pechous*, 64 Ill. 2d at 588.

In *Dunne v. County of Cook*, as noted earlier, the court invalidated a resolution by which the Cook County board attempted to reduce the percentage of votes required to override the president's veto. In *Dunne*, it was held that such an incursion by the legislative branch into the power of the chief executive officer constituted a change in the form of government, which, in the absence of referendum approval, violated the Illinois Constitution.

As in *Pechous* and *Dunne*, defendants in the present case have attempted to take power given by statute to the chief executive officer and improperly transfer it to the legislative body of the government. Absent submission for approval by referendum, enactment of these ordinances is improper. We believe that the holdings in *Pechous* and *Dunne* are controlling in the present case and based on these holdings we find that the ordinances at issue are unconstitutional attempts to alter the form of government and are therefore invalid.

Defendants argue on appeal that the ordinances in question did not alter the form of government. In support of their argument, they cite two cases where the supreme court found that ordinances broader in scope than those in the present case did not alter the form of government. Defendants cite *Allen v. County of Cook* (1976), 65 Ill. 2d 281, 357 N.E.2d 458, where the suburban commissioners of

Cook County challenged an ordinance which reduced the vote required for passage of certain appropriation measures. As a result of the ordinance, the suburban commissioners were deprived of their former ability to block appropriation measures, and the suburban commissioners argued that the board was not empowered to enact the ordinance because it did not involve a power or function pertaining solely to the government and affairs of Cook County pursuant to section 6(a), article VII, of the Illinois Constitution.

The court in *Allen* found that the ordinance did pertain to the government and affairs of the county and thus was properly enacted. The court also found that the ordinance did not alter the county's form of government. Significantly, we note that defendants relied on *Allen* when arguing the constitutionality of the veto resolution before the supreme court in *Dunne v. County of Cook*. In discussing whether the ordinance there constituted a change in the form of government, the *Dunne* court noted that defendants' reliance on *Allen* was misplaced. The *Dunne* court pointed out that the ordinance upheld in *Allen* did not affect the powers of the board and its president and therefore did not alter the county's form of government. The ordinances in the present case do affect the relative powers of the board and its president, and for this reason do alter the county's form of government.

Defendants also rely on *People ex rel. Hanrahan v. Beck* (1973), 54 Ill. 2d 561, 301 N.E.2d 281, where the supreme court upheld an ordinance which vested the Cook County board with the power to create an office of comptroller with the same budgetary powers that were provided to the Cook County clerk by statute. We note that *Hanrahan* was also distinguished by the supreme court in *Pechous*. The supreme court emphasized that the ordinance in *Hanrahan* did not involve an attempt by the legislative body of the county to appropriate to itself the power to appoint and remove officers and employees. (64 Ill. 2d at 583.) For this reason, we do not believe *Hanrahan* is analogous to the present case.

Defendants next argue that the ordinances in the present case could not have effected a change in the form of government requiring referendum approval because the ordinances were so limited in scope and directed only to the employment of a small group of key legislative staff positions. Defendants emphasize that the ordinances affect less than one quarter of one percent of all county employees and only those whose confidentiality and loyalty are vital to the legislative staff. According to defendants, the limited purpose and extent of the employee and expenditure resolutions constitute such a mini-

mal change in the conduct of the county's governmental affairs that no change in the form of government can be said to have taken place.

Nothing in the cases cited by defendants suggests that minimal changes affecting few employees or changes with a stated limited scope will not constitute a change in the form of government. Indeed, both controversies analyzed in *Pechous* affected few employees, yet the court found changes in the form of government. As in *Pechous* and *Dunne*, the case here presents a power dispute between the executive and legislative branches of county government. As in *Pechous* and *Dunne*, the present case involves powers given by statute to the executive officer and an attempt by members of the legislative branch to transfer this power to themselves without the required referendum approval. Because the relative powers of the county board and the chief executive are affected, a change in the form of government has taken place.

Our finding regarding an improper attempt to alter the form of government applies with equal force to all positions enumerated in the employee resolution. Our decision is not based on the confidential status or duties of the employees but rather is based on the fact that the attempt to take the appointment power from the executive branch is beyond the authority of the county legislature.

■ We must also reject defendants' contention that the ordinances are merely a codification of the actual employment practices of the county board which cannot be treated as a change in the form of government. Defendants' argument that the board has essentially been allowed "as a matter of practice" to hire and fire their own confidential employees does not create a pre-existing right. Regardless of the actual practices of the board, the right to appoint these employees is vested by statute in the chief executive of the county and an attempt to strip the president of this power is improper.

Throughout this appeal, defendants contend that passage of these ordinances constituted a valid exercise of the home rule powers of Cook County. Section 6(a) of article VII of the 1970 Illinois Constitution states: "Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs ***." Defendants further maintain that section 6(a) was properly invoked to supersede section 61.17 (Ill. Rev. Stat. 1985, ch. 34, par. 1101), the statutory authority granted to the board president to appoint the employees affected by the employee and expenditure resolutions.

■ There is no question that Cook County is a home rule unit

and that the resolutions enacted pertain to the government and affairs of Cook County. Nevertheless, the home rule powers stated in section 6(a) are specifically modified by other provisions of section 6, including section 6(f), which states that a home rule unit's power to adopt, alter or repeal a form of government is subject to approval by referendum. (Ill. Const. 1970, art. VII, §6(f).) Because the supreme court has held that any alteration in the relative powers of the executive and legislative branches of the government constitutes a change, in the form of government, requiring referendum approval, we find referendum approval was required in the present case, thus limiting the home rule powers invoked by defendants.

We do not dispute that a home rule unit can pass an ordinance which supersedes a conflicting statute enacted prior to the effective date of the 1970 Constitution. However, the cases cited by defendants to support this argument do not involve an alteration in the form of government and therefore were not governed by section 6(f), article VII, and do not change the conclusions previously reached in this case.

■ Defendants next argue that President Dunne does not have the power to appoint the employees affected by the employee and the expenditure resolutions. Defendants urge that the trial court's interpretation of section 61.17 is incorrect or in the alternative, that section 61.17 is unconstitutional.

Section 61.17 (Ill. Rev. Stat. 1985, ch. 34, par. 1101) provides that "[a]ll officers and employees of the county of Cook, in the classification hereinafter provided for, except those whose election or appointment is otherwise provided for by law, *** shall be appointed by the president of the board, according to the provisions of this section." The employees whose appointments are affected by the resolutions are not otherwise provided for by law and since at least 1895, when this statute was first enacted, this power of appointment has been in the hands of the president. Significantly, the appointment documents for all incumbents of the positions affected by the employee resolution show that these persons were in fact appointed by the president. No Illinois law gives the legislative branch of Cook County or anyone other than the president the power to appoint the employees affected by the resolutions. Further, as noted above, the ordinances were not merely a codification of the normal practices of the board. The trial court's interpretation of section 61.17 was proper.

■ Nor do we believe that section 61.17 is unconstitutional. This court has a strong interest in protecting the separation of powers

mandate and is well aware of the basic, traditional function separation of powers has played in the history of our government. Nonetheless, section 61.17 does not deny Cook County the right to a government in which the legislative and executive branches are separate. Nor do we believe that section 61.17 allows the Cook County government to function with coercion and impediments imposed by a politically hostile coordinate branch. The board will not be subject to a disloyal staff as a result of our decision and we are certain that the board can easily maintain its independence as a legislative branch despite the appointments made by the president.

Both cases cited by defendants in support of their constitutional argument merely create a right for employees. In *Elrod v. Burns* (1976), 427 U.S. 347, 49 L. Ed. 2d 547, 96 S. Ct. 2673, the Supreme Court held that employees in the county sheriff's office who alleged that they were fired or threatened with dismissal because of their political beliefs could maintain an action based on the first and fourteenth amendments. Similarly, in *Branti v. Finkel* (1980), 445 U.S. 507, 63 L. Ed. 2d 574, 100 S. Ct. 1287, the Supreme Court held that assistant public defenders could not be fired because of their political beliefs. These cases cannot vest the commissioners in the present case with an appointment power which was given by statute to the chief executive of the board. No constitutional provision or case found by this court grants a fundamental right to defendants to appoint the employees enumerated in the employee resolution.

For the foregoing reasons the judgment of the trial court of Cook County finding the ordinances enacted by the Cook County board to be unconstitutional is affirmed.

Judgment affirmed.

WHITE and FREEMAN, JJ., concur.