2022 IL App (1st) 210732

SECOND DIVISION
May 17, 2022

No. 1-21-0732

| | | |
|---|---|---|
| ASHLEY BOND, | ) | Appeal from the Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20 CH 03742 |
| | ) | |
| UNITED EQUITABLE INSURANCE GROUP, | ) | |
| | ) | Honorable Raymond W. Mitchell, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court, with opinion.
Justices Lavin and Cobbs concurred in the judgment and opinion.

OPINION

¶ 1 After her car was destroyed in an accident, plaintiff Ashley Bond filed a complaint in the circuit court alleging that her insurer, defendant United Equitable Insurance Group, breached the insurance contract by failing to include sales tax and title fees when it calculated her payout. Plaintiff argues that those fees are necessarily incurred when a vehicle is a total loss and that her policy and Illinois law entitle her to payment for those fees. Plaintiff seeks to represent similarly situated individuals in a class action against defendant. Defendant filed a motion to dismiss, arguing that plaintiff failed to follow the required procedure to receive reimbursement for the taxes and fees from the insurer. The trial court determined that plaintiff failed to comply with the relevant requirements to obligate the insurance company to pay the taxes and fees and dismissed plaintiff's complaint. Plaintiff appeals, and we affirm.

¶ 2                                    BACKGROUND

¶ 3     Plaintiff Ashley Bond was involved in a car accident, and her vehicle was determined to be a total loss. Following the accident, she made a claim to her insurer, defendant United Equitable Insurance Group. It is undisputed that defendant paid plaintiff the proper amount for her loss, except defendant did not pay for the sums in dispute in this case—the sales tax, title transfer fees, and tag transfer fees. Those are the costs that plaintiff claims she would necessarily incur upon replacing her vehicle.

¶ 4     To operate a vehicle in Illinois, Illinois law requires vehicle owners to secure a title for the vehicle and register the vehicle. The current fee for titling a vehicle is $95. The fee for transferring the registration for a vehicle is $25. The State of Illinois currently imposes sales tax of at least 6.25% on the purchase of a vehicle. Plaintiff claims that defendant breached its insurance contract with her when it failed to include those amounts in her payout.

¶ 5     Under the insurance policy at issue in this case, in the event of a total loss, defendant promised to pay "the cost of replacing the owned automobile." Defendant's obligation under the policy is limited to a maximum of the actual cash value of the insured vehicle. "Actual cash value" is not specifically defined in the policy. The policy does not specifically mention reimbursement for sales tax or title fees in the context of paying a total loss claim.

¶ 6     Defendant issued a notice to plaintiff that is required by the Department of Insurance's regulations. Included in that notice is the regulation that details the steps an insured can take to obtain reimbursement for sales tax and title fees upon replacing the insured vehicle. The insured has to actually replace the vehicle and then provide documentation of the replacement to the insurer. The notice also explains that, if the enumerated steps are not followed, the insurer is not required to pay sales tax and title fees. Plaintiff never notified defendant that she replaced her

vehicle, and she did not seek the payment of sales tax and title fees from defendant within the time period set forth in the regulation.

¶ 7    Plaintiff filed the complaint in this case seeking payment for sales tax and title fees. Plaintiff contends that those costs are encompassed within the "actual cash value" of her vehicle because those costs are necessarily incurred to replace her vehicle. Plaintiff seeks to represent similarly situated individuals in a class action against defendant. Defendant moved to dismiss the complaint, arguing that plaintiff's claims were defeated by Illinois law and by certain indisputable evidence. The trial court issued a written ruling in which it dismissed plaintiff's complaint with prejudice. Plaintiff now appeals.

¶ 8                                    ANALYSIS

¶ 9    Plaintiff appeals the dismissal of her complaint. Her complaint was dismissed on defendant's motion, and the motion was brought under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2020)). The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of the litigation. *Jones v. Brown-Marino*, 2017 IL App (1st) 152852, ¶ 20. Although a section 2-619 motion to dismiss admits the legal sufficiency of a complaint, it raises defects, defenses, or some other affirmative matter appearing on the face of the complaint or established by external submissions, that defeat the plaintiff's claim. *Ball v. County of Cook*, 385 Ill. App. 3d 103, 107 (2008). We review the trial court's decision to grant a motion to dismiss *de novo*. *Ciolino v. Simon*, 2020 IL App (1st) 190181, ¶ 37.

¶ 10    Title 50 of the Illinois Administrative Code covers the subject of insurance. The Department of Insurance regulations speak specifically to the issue of reimbursement for sales tax and title fees when an insurance company pays for the total loss of a vehicle.

"If a cash settlement is provided, and if within 30 days after the receipt of the settlement by the insured, the insured has purchased or leased a vehicle, the company is required to reimburse the insured for the applicable sales taxes and transfer and title fees incurred on account of the purchase or lease of the vehicle ***. *** If the insured cannot substantiate such purchase and the payment of such taxes and fees, by submission to the company of appropriate documentation within 33 days after the receipt of settlement, the company shall not be required to reimburse the insured for the sales taxes or transfer or title fees." 50 Ill. Adm. Code 919.80(c)(3)(A)(i) (2002).

Plaintiff concedes that she did not comply with this regulation, and she does not allege that she purchased or leased a replacement vehicle within 30 days of receiving her settlement. Plaintiff further does not allege that she submitted appropriate documentation to defendant to substantiate that she made such a purchase, and defendant supplied unrefuted evidence that plaintiff did not submit the required documentation. Plaintiff does not allege that she ever actually incurred sales tax or title fees.

¶ 11    Plaintiff, however, argues that, notwithstanding the limitations included in the regulation, her policy entitles her to the payment of sales tax and title fees under Illinois law. Plaintiff contends that the regulations are a floor, a minimum standard, for policy benefits. See 50 Ill. Adm. Code 919.20(b) (West 2002) (the regulations set forth the "minimum standards for the investigation and disposition of claims arising under contracts and certificates issued to residents of Illinois"). She argues that she is entitled to the actual cash value of the vehicle and that actual cash value means the cost to replace the vehicle, including all costs that are reasonably necessary to effectuate a replacement.

¶ 12    Plaintiff argues that the policy is a promise by defendant to fully indemnify her in the event of a total loss. She contends that she is required to pay both sales tax and title fees to replace her vehicle and, because those costs are necessary to replace a vehicle, they are part of the vehicle's actual cash value. Plaintiff cites cases from other jurisdictions in which courts have concluded that sales tax and title fees for replacement vehicles are included in the actual cash value of a vehicle for purposes of a total loss claim settlement. See *e.g.*, *Ostendorf v. Grange Indemnity Insurance Co.*, No. 2:19-CV-1147, 2020 WL 134169, at *3 (S.D. Ohio Jan. 13, 2020); *Paris v. Progressive American Insurance Co.*, No. 19-21761-CIV, 2021 WL 4990900, at *4, 6-7 (S.D. Fla. Aug. 31, 2021). Further, plaintiff maintains that an insured is entitled to the full actual cash value regardless of whether she replaces the lost property. She cites cases from other jurisdictions in which courts have concluded that replacement of the insured property is not a condition precedent to receiving actual cash value coverage. See, *e.g.*, *Mills v. Foremost Insurance Co.*, 511 F.3d 1300, 1305-06 (11th Cir. 2008); *Sos v. State Farm Mutual Automobile Insurance Co.*, 396 F. Supp. 3d 1074, 1081 (M.D. Fla. 2019).

¶ 13    We conclude that the specific and unambiguous terms of the regulation targeted directly at the issue presented in this case control the disposition. If the insured does not take the steps outlined in the regulation, the Department of Insurance has dictated that the insurer "shall not be required to reimburse the insured for the sales taxes or transfer or title fees." 50 Ill. Adm. Code 919.80(c)(3)(A)(i) (2002).

¶ 14    In Illinois, all state laws are incorporated into all contracts of insurance. *Goble v. Central Security Mutual Insurance Co.*, 125 Ill. App. 2d 298, 302 (1970); *Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 967 (7th Cir. 2000). Administrative rules and regulations have the force of law. *People ex rel. Madigan v. Illinois Commerce Comm'n*, 231 Ill. 2d 370, 380 (2008).

The cardinal rule of statutory construction, which applies equally to administrative regulations, is to ascertain and give effect to the intent of the drafter. *Haage v. Zavala*, 2020 IL App (2d) 190499, ¶ 38. If the language of an administrative regulation is clear, we must apply it as written and we will not depart from the plain meaning of the regulation by reading into it exceptions, limitations, or conditions that conflict with the expressed intent. *Id.*

¶ 15    When section 919.80 of Title 50 (50 Ill. Adm. Code 919.80 (2002)) is considered to be part of or considered alongside the terms of the insurance policy, the regulation imposed a duty on plaintiff to take affirmative steps to trigger defendant's obligation to pay sales tax and title fees. That duty does not conflict with any provisions of the parties' policy. If an insured wants to obtain reimbursement for sales tax or title fees as part of an actual cash value settlement, she is entitled to such reimbursement, but only if she follows the regulatory requirements. If the insured does not follow the regulatory requirements, the insurer "shall not be required to reimburse the insured for the sales taxes or transfer or title fees." *Id.* § 919.80(c)(3)(A)(i).

¶ 16    Plaintiff argues that the regulation imposes a minimum standard that sales tax and title fees are certainly owed when proof of replacement is provided. Plaintiff, however, maintains that there is nothing prohibiting insurers from choosing to forgo including such a provision in their policy, thereby giving their insureds more favorable coverage than the minimum established by the regulation. Plaintiff suggests that, in the absence of limiting language in the policy that is equivalent to the standard expressed in the regulation, the definition of actual cash value that includes automatic entitlement to sales tax and title fees applies. Plaintiff posits that her proffered interpretation should particularly apply here because the regulation is remedial in nature and is meant to protect policyholders from improper practices by insurance companies, not to create less favorable coverage or place additional burdens on insureds.

¶ 17    If we were to find in plaintiff's favor, we would be specifically contradicting the mandatory language in the regulation. The regulation, in clear and obvious plain language, provides that insurers "shall not be required to reimburse the insured for the sales taxes or transfer or title fees" if the insured fails to submit documentation concerning the purchase of a replacement vehicle within the allotted time. *Id.* As plaintiff acknowledges, the regulation applies specifically to total loss claims, where the insurer has opted to pay actual cash value. If actual cash value always meant that sales tax and title fees were automatically payable, as plaintiff argues, then almost the whole regulation becomes meaningless surplusage.

¶ 18    The United States Court of Appeals for the Seventh Circuit had occasion to consider the same question presented in this appeal. In *Sigler v. GEICO Casualty Co.*, 967 F.3d 658 (7th Cir. 2020), the Seventh Circuit, applying Illinois law, held that in consideration of the applicable regulation, an insured with an actual cash value policy was only entitled to payment for sales tax and title fees if he followed the express regulatory requirements, *i.e.*, if he actually replaced the vehicle and then sought reimbursement for taxes and title fees. *Id.* at 661-62. Plaintiff argues that *Sigler* is either wrongly decided or that it is distinguishable from this case, but we find it to be neither. As expressed above, when the policy is construed in light of the regulatory framework existing in Illinois, plaintiff can only show an entitlement to sales tax and title fees if she meets the unambiguous regulatory requirements.

¶ 19    As the unrebutted evidence showed, defendant notified plaintiff in writing about the requirements for receiving payment for sales tax and title fees as it is required to do under Illinois law. The notice defendant provided to plaintiff informed her that, if she did not take certain steps, defendant would not be required to pay sales tax or the relevant fees. Plaintiff did not follow the regulatory directives that would trigger defendant's obligation to pay. Plaintiff,

moreover, did not allege or submit evidence that she actually incurred any of the costs for which she now seeks payment. Nothing in the parties' policy goes beyond the general actual cash value standard contemplated by the regulation to give plaintiff more coverage than any other insured who is entitled to receive actual cash value and who is subject to this generally applicable regulation. The regulation is directed at situations just as the one presented here. Nothing in plaintiff's policy entitles her to surpass the regulatory requirements and secure automatic payment for sales tax and title fees in spite of the regulation's clear requirements.

¶ 20    The Department of Insurance's administrative regulations require insurers to provide notice to the insured about the steps the insured is required to take if she wants to receive payment for sales tax and title fees. Unrebutted evidence was submitted that defendant provided the required notice of the procedure to plaintiff. The unrebutted evidence further showed that plaintiff did not comply with the procedure to entitle her to payment. Defendant, therefore, established that plaintiff is not entitled to payment for the sales tax and title fees she seeks in this case. The trial court correctly dismissed the complaint.

¶ 21                              CONCLUSION

¶ 22    Accordingly, we affirm.

¶ 23    Affirmed.

No. 1-21-0732

| | |
|---|---|
| **Cite as:** | *Bond v. United Equitable Insurance Group*, 2022 IL App (1st) 210732 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 20-CH-03742; the Hon. Raymond W. Mitchell, Judge, presiding. |
| **Attorneys for Appellant:** | Gary M. Klinger, of Mason Lietz & Klinger LLP, of Chicago, Jacob L. Phillips, of Normand PLLC, of Orlando, Florida, and Rachel Dapeer, of Dapeer Law, P.A., of Miami, Florida, for appellant. |
| **Attorneys for Appellee:** | Evan B. Karnes II and Everardo Martinez, of Karnes Law Chtrd., of Chicago, for appellee. |