2023 IL App (1st) 210765-U

FIRST DISTRICT,
FIRST DIVISION
January 30, 2023

No. 1-21-0765

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| BETTER GOVERNMENT ASSOCIATION, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 2020 CH 04540 |
| | ) | |
| CHICAGO CITY COUNCIL, | ) | Honorable |
| | ) | Caroline K. Moreland, |
| Defendant-Appellee, | ) | Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Justice Hyman concurred in the judgment.
Justice Pucinski specially concurred.

**ORDER**

¶ 1    *Held*: Plaintiff's claims regarding defendant's March 30, 2020, and April 6, 2020, meetings were time-barred, and the circuit court's decision was not in error. Plaintiff's claims regarding defendant's May 31, 2020, meeting were timely filed, and the circuit court erroneously dismissed these claims as moot.

¶ 2    For the following reasons, the circuit court's judgment is affirmed in part, reversed in part, and remanded.

¶ 3                                              BACKGROUND

¶ 4    On June 12, 2020, plaintiff Better Government Association ("BGA") filed a 12-count complaint against the Chicago City Council ("The City"), stemming from three teleconferences

held by the City on March 30, April 6, and May 31, 2020. BGA alleged that these three meetings violated the Open Meetings Act (OMA) (5 ILCS 120/1 *et seq*. (West 2018)) because they were not "open" where the City "provided no public notice" and "no way for the public to attend the meeting." BGA further alleged that the City did not properly enter a closed meeting under section 2(c) of OMA. 5 ILCS 120/2(c). In relief, BGA requested the court "order the release of the written minutes and all recordings" for the meetings and "enjoin [the City] from refusing to comply with OMA" in the future.

¶ 5    The City filed a combined motion to dismiss the complaint (735 ILCS 5/2-619.1 (West 2018)) pursuant to sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2018)) on August 11, 2020, arguing that the teleconferences did not qualify as "meetings" under OMA (5 ILCS 120/1.02); the claims regarding the March 30 and April 6 teleconferences were time-barred by OMA's 60-day statute of limitations (5 ILCS 120/3); and BGA's requested relief on the remaining claim was moot because a recording of the May 31 teleconference was released to the public and the requested prospective relief was not appropriate.

¶ 6    On October 15, 2020, BGA filed a response to the City's motion to dismiss, arguing that the claims were not time-barred because the "common-law discovery rule" and the "fraudulent concealment exception" (735 ILCS 5/13-215) both applied to the City's meetings. BGA further responded that its requests for relief were not moot because "leaked" recordings of the meetings did not satisfy the City's obligation under OMA, and "no injunctive relief has been granted that would prohibit the City Council from repeating these secret meetings whenever it sees fit."

¶ 7    On June 16, 2021, the circuit court granted the City's 2-619 motion to dismiss with prejudice in a written order, finding that the claims relating to the March 30 and April 6 meetings were time-barred, and the claims relating to the May 31 meeting were moot. The court denied the City's 2-615 motion, finding that the teleconferences qualified as "meetings" for purposes of

No. 1-21-0765

OMA.

¶ 8                                                                          ANALYSIS

¶ 9           A section 2-615 motion to dismiss "challenges the legal sufficiency of the complaint based on defects apparent on its face." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). "All well-pleaded facts and all reasonable inferences from those facts are taken as true. Where unsupported by allegations of fact, legal and factual conclusions may be disregarded." *Kagan v. Waldheim Cemetery Co.*, 2016 IL App (1st) 131274, ¶ 29. "In determining whether the allegations of the complaint are sufficient to state a cause of action, the court views the allegations *** in the light most favorable to the plaintiff." *Id.* "[A] cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Marshall*, 222 Ill. 2d at 429.

¶ 10          On the other hand, a section 2-619 motion to dismiss "admits the legal sufficiency of the complaint" but "raises defects, defenses, or some other affirmative matter appearing on the face of the complaint or established by external submissions, that defeat the plaintiff's claim." *Bond v. United Equitable Insurance Group*, 2022 IL App (1st) 210732, ¶ 9. Among such affirmative matters is "the action was not commenced within the time admitted by law." 735 ILCS 5/2-619(a)(5) (West 2018). Further, Section 2-619(a)(9) permits dismissal where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2018). Mootness is a matter properly raised under section 2-619. *Hanna v. City of Chicago*, 382 Ill. App. 3d 672, 676-77 (2008). We review the trial court's decision to grant a motion to dismiss *de novo*. *Ciolino v. Simon*, 2020 IL App (1st) 190181, ¶ 37.

¶ 11          OMA provides that "public agencies exist to aid in the conduct of the people's business, and that the intent of the Act is to assure that agency actions be taken openly and that their deliberations be conducted openly." *Gosnell v. Hogan*, 179 Ill. App. 3d 161, 171 (1989). Section

2(a) of OMA requires that "all meetings of public bodies shall be open to the public" unless excepted by section 2(c). 5 ILCS 120/2(a) (West 2018). "Exceptions allowing closed meetings are narrowly construed because they derogate the general policy of open meetings." *Gosnell*, 179 Ill. App. 3d at 171.

¶ 12    Where it is alleged that OMA has not been complied with, Section 3(a) provides the following:

"Where the provisions of this Act are not complied with, or where there is probable cause to believe that the provisions of this Act will not be complied with, any person, including the State's Attorney of the county in which such noncompliance may occur, may bring a civil action in the circuit court for the judicial circuit in which the alleged noncompliance has occurred or is about to occur, or in which the affected public body has its principal office, prior to or within 60 days of the meeting alleged to be in violation of this Act or, if facts concerning the meeting are not discovered within the 60-day period, within 60 days of the discovery of a violation by the State's Attorney or, if the person timely files a request for review under Section 3.5, within 60 days of the decision by the Attorney General to resolve a request for review by a means other than the issuance of a binding opinion under subsection (e) of Section 3.5." 5 ILCS 120/3(a).

The trial court granted the City's motion to dismiss BGA's claims related to the March 30 and April 6, 2020, meetings on the basis that the June 12, 2020, complaint was filed after the statutory 60-day period.[1] Not only had the 60 days expired, but BGA also alleges that the March 30 and April 6 meetings were "disclosed to the public" on April 21, 2020, well within the 60 days. Having pled public knowledge of the March 30 and April 6 meetings during the 60 days, BGA

---

[1]    The meetings occurred 67 days and 74 days before the complaint was filed, respectively.

knew of the occurrence and could have filed its complaint timely. Thus, BGA is time-barred from asserting a violation of OMA for the March 30 and April 6 meetings.

¶ 13     To get around the late filing, BGA contends that we should apply the "common law discovery rule" or the fraudulent concealment statute (735 ILCS 5/13-215 (West 2018)). As we noted in *Paxson v. Board of Education*, 276 Ill. App. 3d 912, 921 (1995), OMA contains its own statutory "discovery rule." 5 ILCS 120/3(a). This "discovery rule" states that a civil action may be brought "if facts concerning the meeting are not discovered within the 60-day period" then "within 60 days of the discovery of a violation by the State's Attorney." 5 ILCS 120/3(a) (West 2018). But, BGA acknowledges in its complaint that the teleconferences were made public within 60 days, so the "discovery rule" cannot apply.

¶ 14     Alternatively, BGA argues the "fraudulent concealment" statute. 735 ILCS 5/13-215 (West 2018). Section 13-215 states: "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action." *Id.* Notably, no Illinois court has applied this statute to a claim under OMA. We find this statute also inapplicable to these teleconferences for the same reason as the "discovery rule," public knowledge during the 60 days. *Smith v. Cook County Hosp.*, 164 Ill. App. 3d 857, 862 (1987) (statute does not apply if the claimant discovers the fraudulent concealment and a reasonable time remains within the limitations period).

¶ 15     To repeat, the March 30 and April 6 calls were "disclosed to the public" on April 21, 2020. This left BGA with 45 days and 38 days remaining in the 60-day limitations period, respectively. In other words, when BGA discovered the existence of the meetings, more than half of the limitations period remained within which it could file its claims. We find that the circuit court did

not err in holding that the plaintiff's claims related to the March 30 and April 6 meetings were time-barred.

¶ 16    As it happens, this is not a situation where the occurrence of a violation did not come to light until after the 60 days, and we need not address that issue.

¶ 17    We find that BGA's complaint regarding the May 31st meeting was timely filed and adequately alleged a violation of OMA. Accordingly, we find that the circuit court erred in dismissing as moot Counts I through IV.

¶ 18    "An issue is moot if no actual controversy exists or where events occur which make it impossible to grant effectual relief." *Wheatley v. Board of Education of Township High School District 205*, 99 Ill. 2d 481, 484-85 (1984). Here, BGA requested relief in the form of, *inter alia*, an order "enjoin[ing] Defendant from refusing to comply with OMA" and "the release of the written minutes and all recordings" of the May 31, 2020, meeting. While the circuit court addressed the first requested form of relief, it failed to address the requested written minutes and recordings.

¶ 19    Section 2.06(a) provides: "All public bodies shall keep written minutes of all their meetings, whether open or closed, and a verbatim record of all their closed meetings in the form of an audio or video or recording." 5 ILCS 120/2.06(a). The circuit court acknowledged, "The City argues that a recording of the May 31, 2020, meeting was released on June 6, 2020." But, it was a "leaked" audio recording, as the City has admitted, and insufficient for the City to meet its obligations under Section 2.06(a) as a public body, or satisfy BGA's requested relief. Only a release of the audio recording and minutes by the City can comply with the requirements of the OMA. That an audio recording has made its way into public domain does not substitute for the City releasing the official audio (or minutes), especially since audio recordings as well as minutes can be altered, portions erased, or mutilated.

¶ 20 Under these circumstances, we hold that the circuit court erred in dismissing Counts I through IV of BGA's complaint with prejudice.

¶ 21                                    CONCLUSION

¶ 22 For these reasons, we affirm the judgment of the circuit court of Cook County regarding Counts V through XII but reverse the judgment regarding Counts I through IV and remand for further proceedings.

¶ 23 Affirmed in part and reversed in part. Cause remanded.

¶ 24 JUSTICE PUCINSKI, specially concurring:

¶ 25 I join with the majority decision but write separately about the framework of the Open Meetings Act.

¶ 26 In every real sense the OMA relies on "leaks" for the public to find out about secret meetings, since I cannot imagine a public body, having held a secret meeting, would then announce the fact.

¶ 27 Leaks are inherently problematic:  they cannot be forced to be timely, since that is the very nature of leaks.  They cannot be said to be entirely accurate, since that, too, is the nature of leaks and some "leakers" may have personal or political motives for leaking the fact of the secret meeting.

¶ 28 In addition, the OMA allows an additional 60 days but only if the State's Attorney, pursues the issue.  It is not outside the bounds of reason to believe that some State's Attorneys will simply take a pass on the matter, for a number of reasons, not limited to personal and political considerations, or, in a more benign analysis, because of staffing issues.

¶ 29 The purpose of the OMA is to let the public know what its elected officials are up to:  a notice of the meeting, an agenda, public access, public questions, minutes, recordings,  where required, are

all part and parcel of the foundation of our most quoted maxim: "of the people, for the people, and by the people."

¶ 30    The City, in oral argument acknowledged that the three phone call meetings all had quorums.  They concerned public safety and a response to the George Floyd case.  The city does not claim an exception to the OMA because the City refuses to acknowledge that these three phone call meetings were even meetings at all.

¶ 31    The spirit and the letter of the OMA would, I think, invite the Legislature to take a hard look at how the OMA does and does not work and to revisit the matter.